Larry R. Laycock (Utah State Bar No. 4868)
  *llaycock@mabr.com*
Adam B. Beckstrom (Utah State Bar No. 14127)
  *abeckstrom@mabr.com*
Lacey A. Chase (Utah State Bar No. 14956)
  *lchase@mabr.com*
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:    (435) 252-1360
Facsimile:    (435) 252-1361

Attorneys for Plaintiff
SUNDESA, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUNDESA, LLC, a Utah Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>FIELDS MANUFACTURING, INC., a Minnesota Corporation,<br><br>        Defendant. | **COMPLAINT**<br><br>Civil Action No. 2:16-cv-01125-BCW<br><br>Magistrate Judge Brooke C. Wells<br><br>JURY DEMANDED |

Plaintiff Sundesa, LLC ("Sundesa") complains against defendant Fields Manufacturing, Inc. ("Fields Manufacturing"), for the causes of action alleged as follows:

## THE PARTIES

1. Sundesa is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

2. Sundesa alleges Fields Manufacturing is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 24795 County Road 75 St., St. Cloud, Minnesota 56301.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Fields Manufacturing because Fields Manufacturing commits substantial acts of business in this judicial District, including: (i) regularly doing business or soliciting business by virtue of Fields Manufacturing's nationwide sales and offers to sell through its interactive and commercial website (http://fieldsmfg.com/index) which directs Fields Manufacturing's services and products to Utah residents; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

6. This Court's exercise of personal jurisdiction over Fields Manufacturing is consistent with the Constitutions of the United States and the State of Utah. Fields Manufacturing is subject to personal jurisdiction in this Court under Utah's long-arm statute (Utah Code Ann. § 78B-3-201 *et seq.*) and the United States Constitution.

7. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

8. Sundesa's technological innovations are protected by, *inter alia*, a portfolio of utility and design patents, including United States Utility Patent No. 6,379,032 (the "'032 Patent") and United States Design Patent No. D510,235 (the "'235 Design Patent") (collectively, the "Asserted Patents").

9. Sundesa is an exclusive licensee of the Asserted Patents and has been granted all rights thereunder, including the right and standing to enforce the Asserted Patents.

10. Fields Manufacturing is in the business of manufacturing and selling promotional products, including fitness products and accessories. In particular, Fields Manufacturing sells and offers for sale, *inter alia*, shaker cups with a whisk type ball that allow users to perform the methods claimed in the '032 Patent (the "Accused Product").

11. Fields Manufacturing and/or its affiliates market(s), describe(s), encourage(s), and instruct(s) its customers to use the Accused Product to mix ingredients in such a way as to perform the claimed methods of the '032 Patent.

12. Use of Fields Manufacturing's Accused Product infringes the '032 Patent.

13. The Accused Product has no substantial non-infringing uses.

14. The design of the Accused Product is substantially the same as the design that is the subject matter of the '235 Design Patent.

15. Furthermore, the design of the Accused Product is so similar to the design that is the subject matter of the '235 Design Patent that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the '235 Design Patent.

16. On May 10, 2016, Sundesa's attorneys sent Fields Manufacturing a letter informing Fields Manufacturing of its infringement of the Asserted Patents.

17. Along with this letter, Sundesa mailed Fields Manufacturing courtesy copies of the Asserted Patents.

18. Fields Manufacturing has had pre-suit knowledge of the Asserted Patents since at least receipt of Sundesa's letter dated May 10, 2016.

19. Since learning of the Asserted Patents, at least since receiving Sundesa's letter, Fields Manufacturing has continued to infringe the Asserted Patents.

20. As appropriate, Sundesa has consistently marked its products with the Asserted Patents since their issuance.

**CLAIM FOR RELIEF**
**(Infringement of the '032 Patent)**

21. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

22. Fields Manufacturing has directly infringed and continues to directly infringe the '032 Patent under 35 U.S.C. § 271(a) by selling, and offering to sell the Accused Product within the United States.

23. Since at least approximately May 10, 2016, Fields Manufacturing has had, and continues to have, the specific intent to induce its customers, or users of its products, to infringe the '032 Patent. For example, Fields Manufacturing instructs its customers, or users of the Accused Product, to use it to mix ingredients according to the claimed methods of the '032 Patent.

24. Fields Manufacturing's customers or users of the Accused Product do, in fact, infringe the '032 Patent.

25. Since at least approximately May 10, 2016, Fields Manufacturing has known, or should have known, that its customers, or users of its products, infringe the '032 Patent.

26. The Accused Product is especially made to be used, and is in fact used, by customers, or users of the Accused Product, in a way that infringes the '032 Patent.

27. Fields Manufacturing has indirectly infringed and continues to indirectly infringe the '032 Patent under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of, and contributorily infringing the '032 Patent.

28. Despite its knowledge of the '032 Patent, Fields Manufacturing has continued to infringe and induce others to infringe the '032 Patent.

29. The conduct of Fields Manufacturing as set forth hereinabove gives rise to a cause of action for infringement of the '032 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

30. Fields Manufacturing has manufactured, used, imported, sold, and offered for sale the Accused Product despite an objectively high likelihood that its actions constitute infringement of the '032 Patent.

31. Fields Manufacturing's manufacture, use, importation, sales, and offers to sell the Accused Product have been both willful and deliberate.

32. Fields Manufacturing's acts of infringement have caused damage to Sundesa, and Sundesa is entitled to recover the damages sustained as a result of Fields Manufacturing's wrongful acts in an amount subject to proof at trial. Fields Manufacturing's infringement of Sundesa's rights under the '032 Patent will continue to damage Sundesa's business causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

33. By reason of the foregoing, Sundesa is entitled to monetary and injunctive relief against Fields Manufacturing, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
**(Infringement of the '235 Design Patent)**

34. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

35. Fields Manufacturing has infringed, and continues to infringe the '235 Design Patent by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the Accused Product, the design of which is substantially the same as the ornamental design of the '235 Design Patent.

36. Fields Manufacturing's actions constitute infringement of the '235 Design Patent in violation of 35 U.S.C. § 271.

37. Sundesa has sustained damages and will continue to sustain damages as a result of Fields Manufacturing's aforementioned acts of infringement.

38.     Sundesa is entitled to recover damages sustained as a result of Fields Manufacturing's wrongful acts in an amount to be proven at trial.

39.     Fields Manufacturing's infringement of Sundesa's rights under the '235 Design Patent will continue to damage Sundesa's business, causing irreparable harm, for which there is no adequate remedy at law, unless Fields Manufacturing is enjoined by this Court.

40.     Fields Manufacturing has willfully infringed the '235 Design Patent, entitling Sundesa to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.     Alternatively, Plaintiff is entitled to recover Fields Manufacturing's total profits from its sales of the Accused Product under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Sundesa prays for judgment as follows:

A.      A judgment finding Fields Manufacturing liable for infringement of one or more of the claims of the '032 Patent;

B.      A judgment finding Fields Manufacturing liable for infringement of the claims of the '235 Design Patent;

C.      Orders of this Court temporarily, preliminarily, and permanently enjoining Fields Manufacturing, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the Asserted Patents, pursuant to at least 35 U.S.C. § 283;

D.      An award of damages adequate to compensate Sundesa for Fields Manufacturing's infringement of the '032 Patent, in an amount to be proven at trial;

E.	An award of damages adequate to compensate Sundesa for Fields Manufacturing's infringement of the '235 Design Patent, in an amount to be proven at trial, or in the alternative, an award of Fields Manufacturing's total profits under 35 U.S.C. § 289;

F.	An award of treble Sundesa's damages, pursuant to at least 35 U.S.C. § 284;

G.	A declaration that this is an exceptional case and that Sundesa be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

H.	An award of Sundesa's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

I.	An award of Sundesa's attorney fees, pursuant to all applicable state statutory and common law.

J.	Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

K.	Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

L.	For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Sundesa demands trial by jury on all claims and issues so triable.

DATED: November 1, 2016

/s/ *Larry R. Laycock*
Larry R. Laycock
Adam B. Beckstrom
Lacey A. Chase

Attorneys for Plaintiff
SUNDESA, LLC